FILED
04 MAY 13 PM 3:38
U.S. DISTRICT COURT
N.D OF ALABAMA

ENTERED
MAY 13 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALFRED JOSEPH BENINTENDE, ) <br> III a/k/a JOSEPH A. BENINTENDE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CLEAR CHANNEL ) <br> ENTERTAINMENT, ) <br> ) <br> Defendant. ) | CV 03-J-2666-S |

## MEMORANDUM OPINION

Pending before the court is defendant Clear Channel Entertainment's ("Clear Channel") motion for summary judgment (doc. 10) and motion to strike affidavit of plaintiff or, in the alternative, for leave to file a reply brief (doc. 14). The court has reviewed the motions and the parties' other submissions. Based upon this review, the court is of the opinion that the motion for summary judgment is due to be **granted**, that the motion to strike affidavit of plaintiff is due to be **denied**, and the motion for leave to file a reply brief is due to be **granted**.

### I. Background

Plaintiff was hired by defendant[1] as a temporary stage hand in 1995 or 1996.

---

[1] Plaintiff was initially hired by one of defendant's predecessors.

1

Weinberger Aff., at ¶ 7. In April of 1996, plaintiff was hired as the Director of Production (also known as "Production Manager") and remained in such position until his resignation in April of 2003. *Id.* At the time of his resignation, plaintiff was being paid an annual salary of $40,407 and a monthly car allowance of $350. Ex. 4 to Def. Evidentiary Submission.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III. Legal Analysis

In his complaint, plaintiff alleges that defendant failed to pay him overtime compensation for work he performed as a production manager. Complaint, at ¶¶ 3 & 7. The Fair Labor Standards Act ("the Act") requires employers subject to the Act to pay time-and-a-half overtime compensation to employees who work more than forty hours a week. 29 U.S.C. § 207(a)(1). Defendant argues that it is entitled to judgment as a matter of law because plaintiff was an exempt employee and, thus, not entitled to overtime compensation under the Act.

An employee "employed in a bona fide executive, administrative, or professional

capacity" is exempt from the overtime requirement of the Act. 29 U.S.C. § 213(a)(1). "The implementing regulations create two tests, the long and the short, for whether a person is an 'administrative employee.'" *Nicholson v. World Business Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997). Employees who are paid a salary in excess of $250 per week are subject to the short test. *Nicholson*, 105 F.3d at 1364; 29 C.F.R. §§ 541.2 & 541.214. The parties do not dispute that plaintiff earned a salary in excess of $250 per week. As such, the short test applies.

Under the short test, an individual earning a salary of at least $250 per week qualifies as an exempt bona fide administrative employee if the following conditions are met: (1) the employee performs, as his primary duty, office or non-manual work directly related to management policies or general business operations; and (2) the employee's work customarily and regularly requires the exercise of discretion and independent judgment. *Nicholson*, 105 F.3d at 1364; 29 C.F. R. § 541.214. Defendant argues that plaintiff's former position with it satisfies this test. The court agrees.

In opposition to defendant's motion, plaintiff merely asserts that he had no ultimate authority. However,

> [t]he term 'discretion and independent judgment' as used in the regulations . . . does not necessarily imply that the decisions made by the employee must have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations

4

for action rather than the actual taking of action.

29 C.F.R. § 541.207(e)(1). Plaintiff's own description of his job duties provide sufficient evidence that he was employed in a bona fide administrative capacity and, thus, exempt from the overtime requirement of the Act. *See* Ex. 7A to Def. Evidentiary Submission (plaintiff was responsible for executing an event plan and coordinating all the elements necessary to make the event happen); Plaintiff Depo., at 329 (plaintiff oversaw smaller events without any review); Plaintiff Aff. and Plaintiff Depo., at 107-113 (as Director of Production, plaintiff oversaw the Stage Hand Steward, who in turn oversaw the stage hands); Ex. 26 to Def. Evidentiary Submission (plaintiff currently advertises that, as "former Director of Production for Clear Channel Entertainment," he "has planned and directed," "helped design and implement," and "overseen all production elements" for numerous concerts and festivals). *See also Bondy v. City of Dallas*, 2003 WL 22316855 (5th Cir.)(holding that event coordinators employed by the Dallas Convention Center were bona fide administrative employees exempt from the overtime requirement). Thus, defendant's motion for summary judgment is due to be granted.

### IV. Conclusion

Having considered all of the evidence submitted by the parties, the court finds that the plaintiff fails in his burden to show evidence sufficient to survive the defendant's

motion for summary judgment. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

Based upon the foregoing, defendant's motion for summary judgment (doc. 10) is **GRANTED**. Plaintiff's claims against the defendant shall be **DISMISSED WITH PREJUDICE** by separate order. Further, defendant's motion to strike plaintiff's affidavit (doc. 14) is **DENIED** and defendant's motion for leave to file a reply (doc. 14) is **GRANTED**.

**DONE** and **ORDERED** this the  /3  day of May, 2004.

Inge P. Johnson
United States District Judge